Thomson, P. J.,
delivered the opinion of the court.
Action for deceit by appellee against appellant. The complaint alleged that in July, 1894, the plaintiff was induced to purchase from the defendant, for the purpose of a residence, and to be used for raising hogs and poultry, a small tract of land bordering on Cherry creek, in Arapahoe county, by the false representation of the defendant, that the water in Cherry creek, which, at the time, was very low, never would rise, and never had risen, more than seven inches higher than it was then running; that the defendant, when he made the representation, knew the character and habits of Cherry creek, and *375 knew that the water was at any time liable to rise in the creek from ten to twenty feet, and overflow its banks, and that the land was not a suitable place to raise hogs, or safe for a residence ; that shortly after the purchase, the water in Cherry creek rose three feet, and overflowed the land, and carried off and destroyed a number of articles of personal property belonging to the plaintiff. The complaint further averred that the plaintiff paid, of the purchase price of the land, $50.00 in cash, and gave his notes for the residue, secured by mortgage upon other property belonging to him; that he built a house upon the land, which he afterwards removed, and that the time he expended on the building and removal of the house was worth $100; that the mortgaged property was taken by the defendant and applied on the purchase price of the land ; that the plaintiff, when he made the purchase, knew nothing of the liability of Cherry creek to overflow, and relied on the defendant’s representations; that upon discovering that the representations were false, he made and acknowledged a deed reconveying the land to the defendant and tendered it to him, and also demanded a return of the $50.00 which he had paid and the notes and mortgage,. but that the defendant refused to receive the deed, or return the money, or the notes and mortgage. The complaint contained a tender of the deed, and alleged the total damage by reason of the fraud to he $476.80, for which sum, with costs, judgment was prayed. The trial eventuated in a verdict and judgment in the plaintiff’s favor for $405, and the defendant appealed.
Upon a careful examination of the record, we are unable to find any reason for a reversal of this judgment. There was evidence that at the time of the transaction the plaintiff was a stranger to Cherry creek, and knew nothing of its character or habits; that, in company with the defendant, while looking at the land with a view to its purchase, he saw the creek for the first time, and asked the defendant whether it ever rose, and the defendant replied that it sometimes did, seven or eight inches; that it would not rise more than seven or eight *376 inches, and if it ever did rise, it would not come up to the bant. The plaintiff testified that a rise no greater than that, would be attended with no danger, and that he thereupon concluded the purchase. The occurrence of the flood shortly afterwards, and the loss as stated in the complaint, were proven. There was evidence that Cherry creek was subject to floods; and, that the defendant knew its habits, conclusively appears from his own testimony, from which we make the following extract:
“Q. Didn’t you know they had a flood in Cherry creek every year, and sometimes twice a year, before that, for years before that?
“A. I did not know it until I lived there.
“ Q. I mean years before the time you moved out there in 1891, or built this house?
“A. I only knew what I saw.
“ Q. Have you seen it ?
“A. I have seen floods in Cherry creek, lots of them, yes, sir.”
The plaintiff brought the deed of the property into court, and left it there subject to the order of the defendant. The defendant as a witness in his own behalf, denied that he made the representations attributed to him; but the jury found that he did, and their verdict is conclusive of the fact.
False and fraudulent representations, reliance on which results in damage, are always actionable, and the measure of recovery is the loss which the fraud has entailed. The plaintiff made tender of the property he had received in the only way in which tender could be made of such property, and kept the tender good. The sale was therefore rescinded, the defendant was restored to the position in respect to the land which he had previously occupied, and the plaintiff became entitled to the consideration he had paid, as well as the amount of the damage occasioned by the flood.
Counsel for the defendant argue that false representations respecting land, to be actionable, must refer to its title, quality or value. This limitation upon the right of action is not *377 found in the books. The representations complained of related to a stream of water which skirted the land, and the risk an occupant would incur by reason of the stream. It is because the stream, by the recurrence of a periodical habit, drove the plaintiff off the land, and destroyed his property, that he appealed to a court of justice for redress; and if he was induced to put his property into a place of danger by statements of the defendant which he believed, and which the defendant knew' were untrue, he is entitled to the redress which he seeks. Next, counsel say that the damages were too remote, and also that the plaintiff was chargeable with contributory negligence, because if he had done certain things, suggested by counsel, his property would not have been destroyed. The damages were not remote. They resulted directly from the plaintiff’s misplaced confidence in the defendant’s statements. The fraudulent representations and the ensuing loss were cause and effect. Nor can the plaintiff be charged with contributory negligence. One cannot mislead another, and then complain because the other acted on his representations. Very probably, the plaintiff might have left his property at some point upon the land where the flood would not have caught it; but, if the defendant’s statements had been true, the place where the property was put was safe enough; and a charge, coming from the defendant, that the plaintiff was negligent because, in the superabundance of his confidence, he took the defendant at his word, falls stillborn.
It is said that the court erred in admitting certain testimony. We find in the abstract only one objection to evidence which was overruled. It was based on no ground, and supported by no reason. Such an objection is futile. However, after examining it, we are unable to see what legal reason could be urged against the evidence.
The instructions given are criticised, but it is only necessary to say that they are in accord with the views which we have expressed. Instructions were refused which were based on propositions already disposed of. The court did not submit to the jury the question whether the defendant knew, or *378 whether the conditions were such that he was bound to know, or was estopped to say that he did not know, that his representations were false; but the defendant’s own testimony took that question out of the case, and made its submission unnecessary. The judgment is affirmed.

Affirmed.